UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **KRISTEN HOWER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Cause No. 3:18-CV-756 |
| | ) |
| **CHRISTIANA CREEK CC LLC and ROBERT JOERS,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiff, Kristen Hower ("Hower"), brings claims against Defendants, Christiana Creek CC LLC ("CC") and Robert Joers ("Joers", collectively "Defendants"), as follows:

## OVERVIEW

1.  This Complaint arises under the Fair Labor Standards Act, 29 U.S.C. §201 et. Seq. ("FLSA"), I.C. §22-2-5 et. seq., The Indiana Wage Payment Statute ("IWPS"), I.C. §22-2-9 et. seq. and the Indiana Minimum Wage Law of 1965, I.C. §22-2-2 ("IWL"). Defendants violated the FLSA by failing to pay Hower time and one-half for all hours she worked in excess of forty (40) hours per week. Defendant further violated the Indiana Wage Payment Statute by failing to timely pay Hower her earned wages in accordance with Indiana law. Hower pleads violations of the Indiana Minimum Wage Law of 1965 in the alternative.

## PARTIES

2.  Hower is an individual who, at all relevant times, resided in the Northern District of Indiana (St. Joseph County). She is employed by Defendants within the meaning of the FLSA

1

during the three-year period prior to the filing of this Complaint. At all times hereinafter mentioned, Hower is an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1). Moreover, Hower is an employee as defined by I.C. §22-2-2-3.

    3.    CC, is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r). Alternatively, Hower's work regularly involves commerce between states, including, but not limited to, running transactions with credit cards. Moreover, CC is an "employer" as that term is defined by the Indiana Minimum Wage Law of 1965 I.C. §22-2-2-3, employing two or more employees at all times relevant to the events described in this Complaint. CC's business is located in Elkhart County.

    4.    Joers is the General Managers of CC. In this capacity, Joers is involved in the day-to-day operations of the practice. Joers has the authority to make decisions regarding wage and hour issues and routinely reviews and modifies time cards and establishes CC's pay practices. At all relevant times, Joers has responsibility to act on behalf of, and in the interest of, CC in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Hower. As a result, Joers is an "employer" within the meaning of 29 U.S.C. § 203(d).

    5.    CC is an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that the enterprise has had employees engaged in commerce and has an annual gross volume of sales made or business done of not less than $500,000

## JURISDICTION

6. This Court has jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Hower's Indiana state law claims pursuant to 28 U.S.C. §1367.

## VENUE

6. Venue is appropriate in the Northern District of Indiana pursuant to 28 U.S.C. § 1391.

## FACTS

7. Hower was hired by CC in or about January 2017.

8. Hower was hired to perform duties as the Front of House Manager.

9. Hower is paid an hourly rate of $22.00 per hour. Her pay varies based on the number of hours she works. As a result, she is not paid on a 'salary basis' as required by the FLSA.

10. Upon information and belief, CC has annual revenue in excess of $500,000.

11. CC routinely purchases good from other states and completes sales transactions with credit cards.

12. Joers manages CC's pay practices. In the past he made decisions to dock individuals thirty (30) minutes for lunch each day whether employees worked through their lunch or not. This conduct led to the U.S. Department of Labor ("DOL") doing an investigation. CC settled this dispute with some of its employees.

13. Notwithstanding the investigation by the DOL, Joers continues to take actions to deprive employees of the pay they have earned. As one example, he edits time cards to reduce payroll notwithstanding the result is that employees are not paid for all hours they work.

14. Hower's time cards have been modified to reduce the pay she receives. Hower has noticed Joers shaving as much as one hour or more from her time card without her permission despite the fact she is at work and working.

15. Joers knows editing employee time cards violates federal law if it results in employees not being paid for all hours they worked.

16. Hower has lost wages as a result of Joer's illegal pay practices.

## LEGAL COUNTS

### COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

17. Hower incorporates paragraphs 1 – 16 herein.

18. During the relevant time period, Defendants violated the provisions of 29 U.S.C. §206 and §207 by failing to comply with the overtime wage requirements of the FLSA.

19. Hower has not been paid at least time and one-half for all hours she has worked in excess of forty (40) hours per week.

20. Hower was harmed by Defendants' unlawful willful and/or reckless conduct.

### COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE INDIANA WAGE PAYMENT

21. Hower incorporates paragraphs 1 – 20 herein.

22. During the relevant time period, Defendants violated the provisions of Indiana Code §§22-2-5 et. seq. by failing to timely pay Hower's earned wages. Hower calculates that she is owed approximately $2,700 for 2018. Additionally, Hower is owed unpaid income earned in 2017.

23.     Hower has been harmed by Defendants' conduct, and Defendants do not have a good faith or reasonable basis to have not paid Hower all the wages she earned in a timely manner as prescribed by the Indiana Wage Payment Statute.

## COUNT III: VIOLATIONS OF THE INDIANA MINIMUM WAGE LAW OF 1965

24.     Hower incorporates paragraphs 1 – 23 herein.

25.     Hower pleads her Indiana overtime claims in the alternative.

26.     At all relevant times Defendants violated the Indiana Minimum Wage Law of 1965's overtime wage provisions by failing and refusing to pay Hower at least time and one-half for all hours she worked in excess of forty hours per week.

27.     Defendants' conduct is willful, reckless, or indifferent to Hower's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to find in her favor and award her the following relief:

a.      An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff;

b.      An Order requiring Defendants to pay Plaintiff liquidated damages;

c.      An order awarding Plaintiff unpaid wages and any applicable penalties under Indiana law;

c.      An Order awarding Plaintiff the costs of this action;

d.      An Order awarding Plaintiff her attorney's fees;

e.      A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA and Indiana law by failing to comply with the minimum wage requirements of the FLSA and Indiana law; and

   f. An Order granting such other and further relief as may be necessary and appropriate.

          Respectfully submitted,

          s/ Christopher S. Wolcott
          Christopher S. Wolcott (#23259-32)
          The Wolcott Law Firm LLC
          450 East 96th Street, Ste 500
          Indianapolis, IN  46240
          Tel: (317) 500-0700
          Fax: (317) 732-1196
          E-Mail:   indy2buck@hotmail.com

          Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

          Respectfully submitted,

          /s/ Christopher S. Wolcott
          Christopher S. Wolcott (#23259-32)
          The Wolcott Law Firm LLC
          450 East 96th Street, Ste 500
          Indianapolis, IN  46240
          Tel: (317) 500-0700
          Fax: (317) 732-1196
          E-Mail:   indy2buck@hotmail.com

          Attorney for Plaintiff